# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# CASE NO. 2:18-CV-14117-ROSENBERG/MAYNARD

DESIREA MAZZILLI & AARON
SMITH,

    Plaintiffs,

v.

W.M. BARR & CO., INC. &
HOME DEPOT USA, INC.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND REQUIRING AN AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendants' Motions to Dismiss at docket entries 17 and 20. Both Motions have been fully briefed. For the reasons set forth below, both Motions are granted and Plaintiffs are required to amend their Complaint.

Plaintiffs initiated this case on April 4, 2018, by bringing claims for negligence and strict product liability against both Defendants. Plaintiffs allege that a certain product Ms. Mazzilli purchased at Home Depot was defective. That product is a paint stripper. DE 1 at 3. The allegations central to Plaintiffs' Complaint are as follows:

> 16. MAZZILLI removed the plastic packaging surrounding the aluminum can and the accompanying plastic spray bottle. She next unscrewed the cap to the aluminum can in a counter-clockwise rotation so as to open the can and access the fluid contained within it.
>
> 17. After unscrewing the cap, MAZZILLI began pouring the fluid from the aluminum can into the plastic spray bottle consistent with the product instructions.
>
> 18. However, when the plastic spray bottle was approximately half full, the fluid in the spray bottle suddenly and without warning became agitated, began to fizzle and violently erupted out of the spray bottle, splashing all over MAZZILLI's face and onto her torso and other parts of her body, causing her to sustain serious and permanent injuries.

DE 1 at 4. Faced with this pleading, Defendant Home Depot raises the following questions:

> Is the claim that the aluminum can is defective? Is the cap to the can defective? Is the spout to either the can or the plastic bottle defective as to have caused the alleged eruption? Is it the

product within the can (chemicals) that is defective? Is it an alleged manufacturing or design defect?

DE 31 at 2.[1] Upon review of the Complaint, the Court agrees with both Defendants that Plaintiffs' allegations about the defect is the most critical allegation in the complaint, and that the nature of Plaintiffs' allegations is unclear.[2] *E.g., Royal v. Black & Decker Mfg.*, 205 So. 2d 307, 309 (Fla. Dist. Ct. App. 1967) (noting that "at the heart of each theory [of product liability] is the requirement that the plaintiff's injury must have been caused by some [d]efect in the product"). This lack of clarity warrants an amended complaint, because when a complaint does not clearly state whether it is alleging a defective design, manufacture, or warning claim, "defendants are prejudiced in that they cannot determine which doctrine is at issue, much less how to frame a proper response." *Gomez v. Pfizer*, 675 F. Supp. 2d 1159, 1164 (S.D. Fla. 2009). Similarly, the root of the alleged defect in this case is unclear which also prevents Defendants from framing a proper response.

This case is still relatively new, and the amended pleadings deadline in this case has not yet expired. There is plenty of time for Plaintiffs to amend their Complaint. The Court exercises its discretion to require Plaintiffs to file an amended complaint that alleges defects with greater clarity.

It is therefore **ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss at docket entries 17 and 20 are both **GRANTED** insofar as Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** for Plaintiffs to file an amended Complaint. To the extent the Motions request any relief other than an amended pleading, those requests for relief are **DENIED WITHOUT PREJUDICE**. Plaintiffs shall file their amended complaint within ten (10) days of the date of rendition of this Order, and Defendants shall file a responsive pleading or responsive motion within ten (10) days of the date they are served a copy of the amended complaint.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of July, 2018.

Copies furnished to:
Counsel of record

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

---

[1] Defendant W.M. Barr raises similar questions in its Motion to Dismiss. DE 20.
[2] Plaintiffs do allege that one of the chemical components in the product is disfavored in the European Union, but the Court is uncertain how to consider this fact in the context of the allegation that the product "suddenly, and without warning became agitated." DE 1 at 4.